**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **EDWARD R. CARMENAR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-07-27** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Edward R. Carmenar ("Petitioner") filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding. *See* Dkt. No. 1. Also pending before the Court is Respondent's Motion to Dismiss (Dkt. No. 8). After reviewing the pleadings, the records and the applicable law, the Court has determined that the motion should be granted and this action should be dismissed.

Petitioner was convicted for failure to comply with sex offender registration requirements and was sentenced to serve five years in the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ-CID"). Petitioner does not challenge the validity of the underlying conviction itself. Rather, Petitioner's habeas petition merely contests a disciplinary proceeding that resulted in 30 days of cell restriction, the loss of 30 days of recreational and commissary privileges and the deprivation of 5 days of good time credit. Petitioner claims (1) he was denied effective assistance of counsel during the disciplinary proceeding and (2) the disciplinary charges brought against him were done so in violation of his due process rights because they were pursued in an

effort to retaliate against him for successfully having appealed a previous disciplinary sanction. Dkt. No. 1 at 7.

At the time Petitioner filed his federal habeas petition—March 2, 2007—he was incarcerated at the TDCJ-CID, Stevenson Unit, located in DeWitt County, Texas. Dkt. No. 1 at 9; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's petition for habeas corpus is deemed filed on the date it is placed in the prison mail system). However, on September 15, 2007, Petitioner was released to parole. Dkt. 8, Ex. A. Although Petitioner failed to submit a notice of change of address indicating he was no longer in prison, the Court has verified his release by a telephone call to the TDCJ-CID.

Petitioner's challenge to the alleged wrongful disciplinary hearing is now immaterial because he has been released from prison. An action becomes moot if the court cannot grant the petitioner any meaningful relief. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999). Because Petitioner has attacked only his restricted privileges and confinement in TDCJ-ID and has since been released, the petition is now moot. *Lane v. Williams*, 102 S.Ct. 1322, 1327 (1982); *see also Johnson v. Riveland*, 855 F.2d 1477 (10th Cir. 1988).

Therefore, Respondent's Motion to Dismiss is **GRANTED** and this action is **DISMISSED**. Signed on this 17th day of March, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE